The paper which the defendant with others signed, and on which this action must be maintained, if it can be maintained at all, when its parts are arranged in their proper order, will read in this wise; "We the subscribers, *Page 30 
in case $5000 payable in money be subscribed, agree to pay to the trustees of the church herein mentioned, or to a building committee to be appointed by the undersigned subscribers, the sums set opposite our respective names, for the purpose of building a Presbyterian Church at Glens Falls. Said church to be built on the lot now occupied by the old Presbyterian church in said village. The body of the church to be finished and furnished uniformly; the pews or slips to be equitably assessed and rented annually, and said assessments and rents to be paid and applied by said trustees in payment for the stated preaching of the gospel in said church and congregation, and expenses of said church." This paper was signed by the defendant and by others, the whole sum subscribed exceeding $5000.
The paper does not purport to contain any undertaking or promise, on the part of the church or the trustees, to do or to forbear to do anything which might serve to support the promise of the defendant, on the ground of mutuality; nor since the case of Hamilton College v. Stewart (1 Comst., 581), are we at liberty to consider whether the ground taken by the chancellor in the same case (in 2 Denio, 403), that the promise of one subscriber might serve as a consideration to sustain the promise of another, was good law; for the judgment, given by this court in that case, could not have been rendered without determining that ground to be unsatisfactory. That case, however, concedes, that if the agreement furnished evidence of a request to the plaintiffs by the defendant to do something detrimental to them or beneficial to him, and a promise to pay in consideration of its being done, the promise would be sustained by a sufficient consideration, in case the thing were afterwards done accordingly. The subscription paper shows that upon the lot, on which, by its terms, the new church was to be built, there stood an old church, belonging to the same congregation. By the law, applicable to this church society, that lot was in the power of the trustees. The old church could *Page 31 
not be taken down, nor the new one erected upon the church lot, without their assent. The proposition to build the new church upon that lot necessarily involved a request to the promisees to take down or remove the old one, and to build or allow to be built the new one. It could be understood in no other sense. It would not have occurred to the trustees, upon receiving that paper, to ask; Are we to understand that you ask us to take down the old church? They would have seen that the writing imported such a request, and as plainly, in my judgment, as if the paper had contained the express words. There was, then, in this paper a request to the trustees to do, or permit to be done, something of detriment to the trustees, and a promise, in case it should be done or permitted, to pay the sum mentioned. This is clearly a promise which would become obligatory when the thing requested was done, and is not within the decision in Hamilton College v.Stewart. In that case, all that the college was to do was to take the money and use it, while in this the trustees were to remove their old church and put up a new one upon their land, or to allow it to be done, which for this legal purpose amounts to the same thing. The judge at the trial was therefore right in refusing the motion for a nonsuit, so far as the second ground stated for the motion is concerned.
Upon the argument before us a question was raised, whether the manner in which the consideration of the contract was stated in the complaint was not fatally variant from that disclosed in proof. To this it is a sufficient answer to say, without considering whether any variance existed, that no such point appears to have been made at the trial. The case of Field v.The Mayor, c. of New-York (2 Seld., 179), was an equity cause in chancery, and the rule that the decree must be according to the allegation, as well as the proofs, was of course applied. It is not applicable to a case like this under the Code. *Page 32 
Upon the view which I have taken of the legal rights of the parties there was no question of fact for the jury, for the evidence shows, beyond all question, that the old church has been removed and a new one built, and whether the persons under whose actual direction the building took place were the trustees or the building committee is entirely immaterial.
The judgment should be affirmed.
All the judges who took part in the decision were in favor of affirmance. GARDINER, Ch. J., took no part.
Judgment affirmed.